UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JHONATAN ARGENIS OSORIO
MIRANDA,

               Petitioner,

v.

KEVIN RAYCRAFT,

               Respondent.

_____/

Case No. 1:26-cv-1801

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a pro se, second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1), with supporting brief, (Supp. Br., ECF No. 2.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.3–4.)

In an Order entered on June 12, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondent filed his response on June 17, 2026, (ECF No. 6),

and a recording of the March 3, 2026, bond hearing on June 17, 2026. (Recording of Mar. 3, 2026, Bond Hearing, filed on June 17, 2026.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States in 2023 without inspection. Op., *Osorio-Miranda v. Raycraft* (*Osorio-Miranda I*), No. 1:26-cv-458 (W.D. Mich. Feb. 25, 2026) (ECF No. 6). On December 11, 2025, ICE agents arrested Petitioner. *Id.*

On February 10, 2026, Petitioner filed his first § 2241 petition challenging his initial detention without a bond hearing in *Osorio-Miranda I*. In *Osorio-Miranda I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Osorio-Miranda I*, (W.D. Mich. Feb. 25, 2026), (ECF Nos. 6, 7.).

On March 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, *Osorio-Miranda I*, (W.D. Mich. Feb. 25, 2026) (ECF No. 8-1). At the close of the bond hearing, the Immigration Judge stated:

> The Court finds that [Petitioner] is a flight risk, he has limited contacts and relatives in the United States, and the Court is unable to determine whether or not there is a sufficient likelihood of success on [Petitioner's] [asylum] application, the information the Court did view did not indicate that there is a high likelihood of success on his application, The Court therefore, denies [Petitioner's] request for change in custody status.

(Recording of Mar. 3, 2026, Bond Hearing at 07:30–07:55, filed on June 17, 2026.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating:

Denied because[:]

Flight risk.

(*Id*.)

### III.    Analysis

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status

report shall include if and when the bond hearing occurred, if bond was granted or denied, and if

bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:    June 29, 2026                          /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge